# KODEL RADIO CORP v A C DAYTON CO

Ohio Appeals, 2nd Dist, Montgomery Co
No 977. Decided July 1, 1930

H. P. Williamson, Dayton, for Kodel Corp.
Murphy & Murphy, Dayton, for A. C. Dayton Co.

**KUNKLE, PJ.**

The case resolves largely into questions of fact, which questions of fact were peculiarly within the province of the jury.

At the request of counsel for plaintiff in error the Court submitted to the jury three special interrogatories. These interrogatories with the answers thereto were as follows:

**First:** Was there any special warranty of goods given by the plaintiff to the defendant warranting the packs sold and delivered defendant by plaintiff on and after October 31st, 1927? Ans. Yes.

**Second:** Was there any general warranty of goods by the plaintiff to the defendant warranting the packs sold and delivered defendant by plaintiff on and after October 31st, 1927? Ans. Yes.

**Third:** Was there any implied warranty given by plaintiff to defendant on packs sold and delivered to defendant by plaintiff on and after October 31st, 1927? Ans. Yes."

Upon a consideration of the evidence, we are of opinion that the record contains ample evidence in the form of oral testimony and written correspondence which, if believed, by the jury justified the jury in rendering the verdict which it did. We are of opinion that the record contains ample testimony to warrant, at least, the finding of the jury that there was an implied warranty by plaintiff in error to defendant in error upon the packs so sold and delivered. Section **8395 GC,** among other things contains the following provisions:

"(1) When the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not there is an implied warranty that the goods shall be reasonably fit for such purpose.
(2) When the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality."

As above stated we think there is ample testimony in the record which warranted the jury, at least, in finding that there was an implied warranty and, if so, then the transaction would fall within the section of the code above quoted.

The Court, in our opinion, presented the case in its charge to the jury fairly and fully and from a thorough consideration of the record, we would not feel warranted in disturbing the verdict of the jury.

We have considered all of the errors urged by counsel for plaintiff in error, but finding no error in the record, which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

Allread and Hornbeck, JJ, concur.